(155 App. Div. 405.)

### TENGSTROM v. RODGERS et al.

(Supreme Court, Appellate Division, Second Department. February 28, 1913.)

MASTER AND SERVANT (§ 235*)—CONTRIBUTORY NEGLIGENCE.

    Where it was the duty of employés making an excavation to provide against the cracking of a wall, and they were able to do so if they properly performed their work, they could not recover for injuries resulting from their failure to obviate such danger.

    [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 710–722; Dec. Dig. § 235.*]

Appeal from Trial Term, Kings County.

Action by Naima Tengstrom, as administratrix, against James M. Rodgers and John J. Hagerty, impleaded with others. From a judgment for plaintiff and an order denying a motion for a new trial, defendants named appeal. Reversed, and new trial granted.

---

Argued before JENKS, P. J., and HIRSCHBERG, BURR, WOODWARD, and RICH, JJ.

Frank Verner Johnson, of New York City, for appellants.
William C. Beecher, of New York City, for respondent.

BURR, J. This action is brought to recover the pecuniary injury resulting to the next of kin of Felix Tengstrom by reason of his death, alleged to be due to defendants' negligence. It was submitted to the jury as an action under the common law of servant against master.

The circumstances connected with the caving-in of the excavation made for the construction of a sewer in Gold street, in the borough of Brooklyn, and from which the death of plaintiff's intestate resulted, have been considered by this court in the cases of Brady v. City of New York, and Di Crescenti v. City of New York, 149 App. Div. 816, 134 N. Y. Supp. 305. The complaint in this action charges defendants, the contractors engaged in the construction of said sewer, with culpable neglect of their duty to provide their employés with a safe place to work, through failure to properly shore and brace the sides of the excavation so as to prevent the subsidence thereof. The particular act or omission relied upon by plaintiff in the evidence introduced in her behalf was in permitting cracks or openings to appear and remain between the planks constituting the sheathing at the sides of the trench, through which openings sand sifted in considerable quantities, causing a vacant space back of the sheathing, denominated a "void." After a time, these voids increasing in number and extent, the surrounding earth suddenly subsided, causing great and unusual lateral pressure, not only upon the sheathing but upon the supporting rangers and braces, and the whole structure fell, involving plaintiff's intestate and some of his fellow workmen in the consequent ruin. But upon that branch of the case the learned court at Trial Term charged the jury, and, so far as this record discloses, without objection upon plaintiff's part, as follows:

"There is some evidence here of sand coming through the planking at the bottom of this trench. There is evidence here that the fact that sand came through the planking might leave voids behind the planking. There is evidence here that these voids behind the planking might be an element of danger in this case. Now, you recall the fact that the plaintiff's intestate himself was one of the employés whose duty it was to provide against that very defect. In other words, the plaintiff's intestate and some of these other men put upon the witness stand were carpenters and dock builders, and part of their duty was to close these cracks, if there were any cracks, and not allow the sand to come in. I charge you, in view of this evidence, if you are of the opinion that the plaintiff's negligence or the negligence of the persons with whom he was working in there at that time was such that they permitted this sand to drift through these interstices in the sheathing to such an extent that voids were created, and that was the proximate cause of the accident, if that was on account of the negligence of these men in the trench at the time, the defendants are not responsible. * * * . So, if these voids were created behind the sheathing, and if that was the cause of the accident, and that was due to the negligence of the men whose duty it was to close these crevices in the trench, the plaintiff cannot recover."

As the evidence is undisputed that it was the duty of plaintiff's intestate and his associates to provide against this very defect, and there

is nothing to indicate their inability to do so if their work had been carefully performed, the application of this rule would, so far as plaintiff's theory of the action is concerned, have required the direction of a verdict in defendants' favor. But the learned trial court, refusing to grant a motion for a nonsuit or to direct a verdict in defendants' favor, held that the doctrine of res ipsa loquitur applied, and that "the mere caving-in of this excavation under all the circumstances disclosed in the evidence is some evidence of negligence." Thereupon, in obedience to this ruling, the duty devolved upon defendants to furnish a satisfactory explanation of the cause of the fall, and in the absence of such explanation the jury were permitted to find defendants liable. Defendants offered evidence to the effect that the accident was caused by an explosion in the manhole of the conduit, which contained some electric wires belonging to and under the control of the Edison Electric Illuminating Company, the effect of which was to dislodge the end of it, and thereafter it fell, breaking the supports to the sides of the excavation and causing the caving-in thereof. The court thereupon charged the jury that:

"If this excavation caved in because there was an explosion in the manhole of that conduit, the defendants are not liable, because they had no control of that conduit, and there is no fact which would make them liable for that explosion, and if the relation of cause and effect existed between that explosion and the death of the plaintiff's intestate the defendants were not liable."

The jury having found a verdict in plaintiff's favor, we must conclude that it determined as a question of fact that this was not a satisfactory explanation of the cause of the accident.

It follows that we have here a case where the finding of the jury must have for its only support the fact of the caving-in of the trench under the surrounding circumstances, and the failure of defendants to offer a satisfactory explanation therefor. Not only have we here presented the anomalous situation of an instruction by the trial court that plaintiff is not entitled to a verdict upon her own theory of the case, but the theory upon which the jury was permitted to find a verdict depends upon an erroneous ruling as to the law. In the Di Crescenti Case, supra, this court held that as between defendants the contractors and a workman, one of their employés, the happening of this accident, viewed in the light of the surrounding circumstances, did not raise a presumption of negligence. It is but fair to the learned trial court to say that this case was tried before the decisions in the Brady Case and the Di Crescenti Case had been handed down. But, for the error above referred to in the submission of this case to the jury, the judgment and the order denying a motion for a new trial must be reversed, and a new trial granted; costs to abide the event. All concur.